UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MIKE HENRY ROLLINS | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:15-0784 |
| | ] | CHIEF JUDGE SHARP |
| JUDGE KEN GOBLE, JR., et al. | ] | |
|     Defendants. | ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Ken Goble, Jr., a General Sessions Judge in Montgomery County; and Timothy Richter, a member of the Montgomery County Bar; seeking his immediate release from custody and damages.

According to the complaint and its attachments, the plaintiff was on parole when he was charged with domestic abuse. The parole board held a hearing and determined to revoke the plaintiff's parole.

The plaintiff sought to appeal this decision by showing that the domestic abuse charges had been expunged by order of Judge Goble. However, Timothy Richter, counsel appointed to represent the plaintiff in the domestic abuse case, failed to forward the

1

expungement papers to the plaintiff on time. As a consequence, the parole appeal was denied.

The plaintiff believes that Judge Goble and his attorney in some way violated his constitutional rights.

To set forth a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of § 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim against his attorney, Timothy Richter, is not actionable under § 1983.

The plaintiff also seeks relief from Judge Goble. However, judges enjoy absolute immunity from monetary claims for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Thus, the plaintiff has failed to state an actionable claim against this defendant as well.

When a prisoner plaintiff proceeding *pro se* has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


_____
Kevin H. Sharp
Chief District Judge